**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John H. PIERSON, III, a/k/a John
John, Defendant–Appellant.**

No. 94–5628.

United States Court of Appeals,
Fourth Circuit.

Argued April 7, 1995.

Decided May 17, 1995.

**ARGUED:** Martin Patrick Sheehan, Sheehan & Nugent, Wheeling, WV, for appellant.

Paul Thomas Camilletti, Asst. U.S. Atty., Wheeling, WV, for appellee. **ON BRIEF:** William D. Wilmoth, U.S. Atty., Wheeling, WV, for appellee.

Before WILLIAMS and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.

Affirmed by published opinion. Judge MOTZ wrote the opinion, in which Judge WILLIAMS and Senior Judge BUTZNER joined.

## OPINION

MOTZ, Circuit Judge:

Pursuant to 21 U.S.C. § 841, a person convicted of possession with intent to distribute more than five grams of cocaine base must be sentenced to a term of imprisonment of not less than five years. We hold that a person convicted of aiding and abetting another in this offense must be sentenced to the same mandatory minimum five-year prison term.

The facts giving rise to this case are simple and undisputed. On January 31, 1994, a car driven by appellant, John H. Pierson, III, in which an acquaintance, Chris Crawford, was a passenger, was stopped by a West Virginia state trooper because of oversized tires. After examining Pierson's suspended license and smelling marijuana, the trooper obtained Pierson's written consent to search the vehicle. During the search, the officer discovered two plastic bags containing a total of 17.6 grams of cocaine base ("crack" cocaine). Pierson and Crawford were arrested. While at the state police barracks, Crawford admitted ownership of the drugs, explaining that he had purchased the drugs for $1,100.

Both Pierson and Crawford were subsequently indicted of one count of aiding and abetting each other in the possession with intent to distribute 14 grams of cocaine base in violation of § 841. On the morning of the scheduled trial, Crawford pled guilty and agreed to testify against Pierson. Upon learning this, Pierson also agreed to plead guilty, in exchange for the government's promise not to oppose his motion to be sentenced as a "minimal participant" under the

United States Sentencing Guidelines ("Sentencing Guidelines" or "Guidelines"). At sentencing, however, the court concluded that Pierson must be sentenced to a five-year term of imprisonment, the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B).

■ The central issue in this case is thus whether Pierson, having pled guilty to aiding and abetting a violation of 21 U.S.C. § 841(a)(1), is subject to the mandatory minimum sentence of five years imprisonment imposed by the statute on principals who are convicted of possession with intent to distribute more than five grams of crack cocaine. Although the question is straightforward, the parties confuse its reach. Accordingly, it is worth noting at the outset what is *not* involved in deciding this question.

First, we are not required to resolve the issue of whether a defendant, convicted of aiding and abetting a continuing criminal enterprise, as defined in 21 U.S.C. § 848 (the federal "kingpin" statute), must be sentenced to the mandatory minimum sentence imposed on principals who violate that statute. This question was discussed by Judge Posner in *United States v. Ambrose*, 740 F.2d 505, 508–10 (7th Cir.1984), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3479, 87 L.Ed.2d 614 (1985), and *United States v. Pino–Perez*, 870 F.2d 1230, 1236–37 (7th Cir.) (*en banc*), *cert. denied*, 493 U.S. 901, 110 S.Ct. 260, 107 L.Ed.2d 209 (1989). Initially, Judge Posner concluded that the federal aiding and abetting statute, 18 U.S.C. § 2(a), permitted a sentencing judge to impose a lesser sentence than the ten-year minimum penalty in the "kingpin" statute. *See Ambrose*, 740 F.2d at 510. Several years later, however, for the majority of a divided *en banc* court, he held that although there were possible inequities in subjecting aiders and abettors to stiff mandatory sentences, upon "[f]urther reflection" the interpretation adopted in *Ambrose* "exceed[ed] the prudent bounds of judicial creativity." *Pino–Perez*, 870 F.2d at 1236–37. Nor need

we decide the more fundamental question of whether there can even be liability for aiding and abetting a continuing criminal enterprise. This question was discussed at length in *Pino–Perez*. There, the majority held that there was "aider and abettor liability for assisting a kingpin." *Id.* at 1231. The dissenters maintained that aider and abettor liability is inconsistent with the purpose of § 848—to single out "kingpins" for more severe criminal penalties. *See id.* at 1241 (Easterbrook, J., dissenting). Similarly, the Second Circuit has held that Congress did not intend that aiders and abettors be convicted as "kingpins." *See United States v. Amen*, 831 F.2d 373, 381–82 (2d Cir.1987), *cert. denied*, 485 U.S. 1021, 108 S.Ct. 1573, 99 L.Ed.2d 889 (1988).[1] Neither of these questions dealing with the kingpin statute is at issue here because Pierson was never convicted or even charged with aiding and abetting any violation of that statute.

Moreover, this case does not involve any claim as to the sufficiency of the evidence to sustain the conviction for aiding and abetting for violation of 21 U.S.C. § 841(a)(1). Pierson pled guilty to this offense and so does not maintain that there was insufficient evidence to support his conviction. His only claim is that the district court was not required to sentence him to the same mandatory minimum sentence as that imposed on a principal under § 841, but rather could and should have sentenced him under the guidelines as a "minor participant." *See* United States Sentencing Guidelines § 3B1.2(b) (1994).

The federal aiding and abetting statute provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

18 U.S.C. § 2(a). The Sentencing Guidelines similarly provide that, with respect to aiding and abetting, "[t]he offense level is the same level as that for the underlying offense." U.S.S.G. § 2X2.1.[2] Thus, although there is no

---

**1.** We have previously declined to address this issue. *See United States v. Herrera*, 23 F.3d 74, 76 (4th Cir.1994) (relying on invited error doctrine to dispose of appeal); *but see id.* at 76 (Hall, J., dissenting) (reaching merits of case and concluding continuing criminal enterprise statute

"will not support a conviction of a defendant charged as an aider and abettor").

**2.** The commentary to this provision states that "underlying offense" refers to the offense which

specific language in the federal criminal code or in the Guidelines that states that aiders and abettors are subject to the same mandatory minimum sentences as their principal counterparts, these two provisions certainly indicate that, in general, Congress intended to treat the two criminal classes equally.

The analysis employed by the Seventh Circuit in *Ambrose* (but later disavowed in *Pino–Perez*) does not, by analogy, assist Pierson in escaping the general rule. The kingpin statute, which was construed in *Ambrose* and *Pino–Perez*, is specifically designed to punish persons who manage, supervise, or boss at least five other persons in a continuing series of narcotics violations. 21 U.S.C. § 848(b)(2). It has been suggested that a defendant cannot or should not be convicted or sentenced as a kingpin when, by definition, he is not a kingpin, but has only aided and abetted a kingpin; that an aider and abettor may be far less culpable than the five persons who are named and treated as subordinates to the kingpin, and subjected to lesser sentences; and that to treat aiders and abettors as kingpins would demolish the graduated structure of penalties under § 841. *See Pino–Perez*, 870 F.2d at 1237–41 (Easterbrook, J. dissenting); *Amen*, 831 F.2d at 381–82; *Ambrose*, 740 F.2d at 508–10. These arguments, however, have no applicability here.

■ Section 841(a)(1), in contrast to the kingpin statute, is not designed to punish those who supervise others in ongoing criminal activity. *See United States v. Klein*, 860 F.2d 1489, 1497 (9th Cir.1988) (mandatory minimum penalties in § 841(b) apply even if defendant had "the lowest possible role" in drug conspiracy). Rather, it is directed at anyone who possesses a certain quantity of illegal drugs with the intent to distribute those drugs—even if only once and even if acting entirely alone. *See United States v. Martinez–Zayas*, 857 F.2d 122, 132 (3d Cir. 1988) (drug quantity is "controlling indicator on whether mandatory penalties" of § 841 should apply). In sum, § 841(a)(1) "is not to be treated as a section 848 'kingpin' statute...." *United States v. Power*, 881 F.2d 733, 739 (9th Cir.1989).

When, as here, a mandatory minimum sentence is prescribed for a substantive offense, imposition of that sentence on aiders and abettors may well seem "harsh" but "that is an issue for Congress, not the courts." *U.S. v. Simpson*, 979 F.2d 1282, 1286 (8th Cir. 1992). Congress "did not provide an exception to the mandatory minimum sentence where the defendant's actions were limited to aiding and abetting." *Power*, 881 F.2d at 739. Accordingly, we are powerless to do so. We note that two other circuits have held that an aider and abettor of a section 841(a)(1) offense is subject to even more severe mandatory minimum penalties imposed by the statute. *United States v. Adams*, 914 F.2d 1404, 1407 (10th Cir.) (defendant with prior felony conviction who was convicted of aiding and abetting possession with intent to distribute more than 50 grams of crack cocaine in violation of § 841(a)(1) was properly subjected to 20–year mandatory minimum sentence imposed on principals), *cert. denied*, 498 U.S. 1015, 111 S.Ct. 588, 112 L.Ed.2d 593 (1990); *Power*, 881 F.2d at 739 (defendant convicted of aiding and abetting possession with intent to distribute five kilograms of cocaine correctly sentenced to ten-year minimum term for principal violations).

We therefore conclude that Chief Judge Stamp was correct in sentencing Pierson to the mandatory minimum five-year prison term. Having aided and abetted the possession with intent to distribute 14 grams of crack cocaine, Pierson was "punishable as a principal." 18 U.S.C. § 2(a). Our vast body of conspiracy law demonstrates subjecting a person to criminal liability for the acts of others is not a unique concept; nor is there anything novel about punishing those "minor participants" to the same degree as those who actually perform the criminal acts.

Yet, as the government acknowledged at oral argument, subjecting Pierson to the mandatory five-year sentence in this case is "not an easy one to swallow." Pierson appears only to have been a passive and incidental participant in the commission of this crime, and the government concedes that "Pierson may not have had knowledge or

the defendant aided or abetted. U.S.S.G. § 2X2.1, comment (n.1).

understanding of the scope and structure of Crawford's drug enterprise and activities." Unfortunately for Pierson, while these facts would have been highly relevant to his liability under § 841(a)(1), they have little effect on the sentence he may properly receive. Once Pierson pled guilty to aiding and abetting, he admitted a sufficient level of participation to subject him to the five-year mandatory minimum sentence set forth in § 841(b)(1)(A)(iii).[3] The sentence imposed by the district court accordingly must be

**AFFIRMED.**

---

**3.** Pierson also argues that the district court erred in denying his request to be sentenced as "minimal participant" under U.S.S.G. § 3B1.2(A). The court instead chose to peg Pierson as a "minor participant" pursuant to § 3B1.2(B) of the Guidelines. There is nothing clearly erroneous about this decision. *See United States v.* *Daughtrey,* 874 F.2d 213, 218 (4th Cir.1989). At any rate, our conclusion that Pierson was properly sentenced to the mandatory five-year minimum term renders this issue moot since under either § 3B1.2(A) or (B), Pierson's Sentencing Guidelines level would trigger a sentencing range lower than the mandatory minimum sentence.