**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 95-5925

REGINALD CARTER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                          No. 95-5942

DEBORAH L. CARTER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                          No. 95-5943

REGINALD CARTER,
Defendant-Appellee.

UNITED STATES OF AMERICA,
Plaintiff-Appellant,

v.                                          No. 96-4022

DEBORAH L. CARTER,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-197-A)

Submitted: June 25, 1996

Decided: October 23, 1996

Before WIDENER, MURNAGHAN, and MICHAEL,
Circuit Judges.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Paul P. Vangellow, Falls Church, Virginia; Joseph J. McCarthy,
DELANEY, MCCARTHY, COLTON & BOTZIN, P.C., Alexandria,
Virginia, for Appellants. Helen F. Fahey, United States Attorney,
Mark D. Greenberg, Special Assistant United States Attorney, Alex-
andria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Deborah and Reginald Carter appeal from their federal narcotic
convictions. The government appeals in each case alleging sentencing
errors. We affirm in part and vacate and remand in part.

2

Following a jury trial, Deborah Carter was convicted of two conspiracy counts: (1) conspiracy to possess with intent to distribute over fifty grams of crack cocaine; and (2) conspiracy to distribute over fifty grams of crack cocaine; and one substantive count--distribution of the aforementioned crack cocaine. Her brother, Reginald Carter, was convicted of aiding and abetting her in one drug transaction also exceeding fifty grams of crack cocaine. On appeal, Deborah Carter raises no challenges to her convictions. We therefore affirm them. Reginald Carter raises a sufficiency of the evidence challenge. We find, however, that taking the evidence presented at trial in the light most favorable to the government, substantial evidence supports that Reginald Carter was guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). Accordingly, we affirm his conviction as well.

The government also appeals, arguing that the district court erred in its imposition of both sentences. Speaking to Reginald Carter's sentence, the government claims that the district court failed to properly sentence Reginald Carter, convicted of aiding and abetting in the distribution of over fifty grams of crack cocaine, as a principal offender in accordance with this court's precedent. We agree. United States v. Pierson, 53 F.3d 62 (4th Cir. 1995), is clear--an aider and abetter is to be sentenced as a principal. Whether or not the amount of drugs involved was foreseeable is not relevant. The inherent severity such an approach may entail represents a Congressional decision which this court will not second guess. See Pierson, 53 F.3d at 65. Accordingly, we vacate Reginald Carter's sentence and remand for resentencing.*

With respect to the sentence of Deborah Carter, the district court declined to sentence her either to the statutory minimum or even within the sentencing guideline range.

The reason given was:
_____

*The pre-sentence report contained a statement that Carter qualified for treatment under Guideline § 5C1.2, which the government opposed. The district court did not pass on this question.

3

There is no question a crime was committed here. The case for this Court today is what is a fair and appropriate sentence given the quality of the conduct of this defendant and given the fact that there has been, in my opinion, a significant manipulation of the sentencing guidelines and the mandatory minimum sentence.

For that reason, I feel that due process requires that the Court not sentence within the guideline range, and I am going to sentence the defendant in the following manner.

The court then assigned an offense level of 19 in order for the sentencing range to include 36 months within it. It sentenced the defendant to confinement for 36 months.

The court did not mention the facts which it thought constituted sentence manipulation but had indicated that the defendant was a crack addict, that the agent dealing with her had suggested that he could get crack for her, and that she was not arrested when she had made earlier sales prior to the last sale of 60 grams.

While the government argues there is more than one reason to vacate this sentence, the holding of the district court, lack of due process, is the one we must consider. That holding is the equivalent of deciding the statute providing for a mandatory minimum sentence to be invalid, see United States v. Dawson, 400 F.2d 194, 200 (2nd Cir. 1968), cert. denied, 393 U.S. 1023 (1969), and the same reasoning would apply to a sentence under the sentencing guidelines.

The Supreme Court has stated, however, that it has never set aside under the due process clause and the eighth amendment a sentence for a term of years, and neither have we in a case which was affirmed. Hutto v. Davis, 454 U.S. 370, 371-373 (1982). This same rule should apply in federal sentencing. Under the circumstances present here the district court simply has no authority to sentence but under the applicable statutes and guidelines.

4

The judgments of conviction are affirmed in each case, but the sentences are vacated for resentencing under the applicable statutes and Sentencing Guidelines not inconsistent with this opinion.

AFFIRMED IN PART AND VACATED AND
REMANDED IN PART WITH INSTRUCTIONS

5