**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4239

DEBORAH L. CARTER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4240

REGINALD CARTER,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-95-197)

Submitted: September 30, 1997

Decided: October 21, 1997

Before WIDENER, MURNAGHAN, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. McCarthy, DELANEY, MCCARTHY, COLTON & BOTZIN, P.C., Alexandria, Virginia; Paul P. Vangellow, Falls Church, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Mythili Tharmaratnam, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Deborah and Reginald Carter appeal from their sentences imposed for distribution and aiding and abetting in the distribution of crack cocaine following this court's vacatur of their prior sentences. Deborah Carter claims that she is entitled to a departure from the range established in the Sentencing Guidelines under a theory of sentencing entrapment or manipulation. She also argues that she is entitled to a three-point reduction for acceptance of responsibility. Reginald Carter claims that he is entitled to a departure below the statutory mandatory minimum under U.S. Sentencing Guidelines Manual § 5C1.2 (1995), and that the district court erred in sentencing him as an aider and abetter in the distribution of over fifty grams of crack cocaine. We affirm.

Addressing Deborah Carter's first contention, this court specifically stated in its prior opinion that under the circumstances of this case, a departure from the guideline range for an alleged violation of due process was beyond the authority of the district court. We therefore find that Deborah Carter's claim regarding sentencing manipulation is barred by the law of the case. As to her claim of sentencing entrapment, a review of the resentencing transcript reveals that her attorney moved for a reduction on the ground of a due process violation only. We thus find that only the ground of sentencing manipula-

2

tion was preserved for appeal. Any claim of sentencing entrapment, a theory not involving due process concerns, was thus waived, and we find no plain error. We therefore affirm the district court's decision to sentence within the guideline range.

Turning to Deborah Carter's argument that she was entitled to a three-point reduction for acceptance of responsibility under USSG § 3E1.1, we note that Carter failed to raise this claim at her resentencing hearing. Nonetheless, we find that Deborah Carter's behavior was not consistent with an acceptance of responsibility and therefore affirm as to this claim as well.

Dealing next with Reginald Carter's claims, we find no error in the district court's belief that it lacked the factual authority to depart under USSG § 5C1.2. In order to receive such a reduction, a defendant must satisfy five prerequisites. Carter concededly meets four of these requirements. We find, however, that he fails to meet the fifth --providing all information concerning the offense to the government prior to or at sentencing. The record on appeal reveals that Reginald Carter made no offer of cooperation or admission of guilt throughout trial, his first sentence, and his first appeal. His offer of assistance came only following one of his resentencing hearings. Further, Carter still contests his culpability in the offense. We find that Carter's eleventh hour offer of assistance is insufficient to warrant a USSG § 5C1.2 departure especially given his continued denial of culpability. Accordingly, we conclude that the district court did not err in its determination that it lacked the factual authority to depart under USSG § 5C1.2, and we affirm Carter's sentence in this respect. See United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996) (stating that appellant must acknowledge responsibility for actions before qualifying for safety valve reduction), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884).

Finally, Reginald Carter claims that the district court improperly sentenced him for aiding and abetting in the distribution of over fifty grams of crack cocaine.* This issue has already been decided by this

_____

*The district court should correct Reginald Carter's judgment after resentencing which incorrectly recites that he was convicted of distributing less than five grams of crack cocaine.

3

panel on Reginald Carter's prior appeal. The prior opinion specifically found that Carter's conviction was supported by substantial evidence and that he was properly sentenced as a principal under United States v. Pierson, 53 F.3d 62 (4th Cir. 1995). Accordingly, we find that this claim is barred by the law of the case doctrine.

In light of the above discussion, we affirm the Carters' sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4