**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis Mario HERRERA, Defendant–**
**Appellant.**

**No. 92–6381.**

United States Court of Appeals,
Fourth Circuit.

Argued July 27, 1993.

Decided April 20, 1994.

Thomas Jackson Mitchell, Hunton & Williams, Richmond, VA, argued (Martin J. Barrington, on brief), for appellant.

Barbara D. Kocher, Sp. Asst. U.S. Atty., Raleigh, NC, argued (Margaret Person Currin, U.S. Atty., Eileen G. Coffey, Asst. U.S. Atty., on brief), for appellee.

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

**OPINION**

DONALD RUSSELL, Circuit Judge:

Defendant Luis Mario Herrera appeals the district court's dismissal of his motion under 28 U.S.C. § 2255 to vacate his sentence. He contends that he is entitled to such relief because an instruction that he asked the district court to give to the jury was erroneous. We find that any error in this jury instruction was explicitly invited by Herrera and, under the invited error doctrine, we affirm.

**I.**

The government indicted Herrera in February, 1986, and charged him with, among other offenses, engaging in a "continuing criminal enterprise," in violation of 21 U.S.C. § 848. He was tried before a jury in the Eastern District of North Carolina in July and August, 1986.

The government presented abundant evidence at the trial that Herrera had served as a principal in a continuing criminal enterprise. So persuasive was the government's evidence, in fact, that the district court stated, in a post-trial order, that "the evidence showed unmistakably that the defendant was in fact a principal in the [continuing criminal enterprise]."

In view of this evidence, before the case was submitted to the jury, Herrera requested, through his counsel, that the district court instruct the jury on the crime of aiding and abetting a continuing criminal enterprise. See 18 U.S.C. § 2. He argued before the district court that he was entitled to this instruction because aiding and abetting a

continuing criminal enterprise is a lesser included offense of serving as a principal in a continuing criminal enterprise. His clear purpose in requesting the lesser instruction was to give the jury, which was faced with this strong evidence that he served as a principal in the continuing criminal enterprise, the opportunity to convict him instead of the lesser crime of aiding and abetting that enterprise.

As Herrera had hoped, the jury convicted him of aiding and abetting the continuing criminal enterprise, but acquitted him of serving as a principal in it.[1] He was also convicted on other charges not connected with this appeal. Herrera appealed but raised no claim that the instruction he requested on aiding and abetting was error. We rejected his arguments on appeal and affirmed in November, 1987. *United States v. Herrera*, 832 F.2d 833 (4th Cir.1987).

In July, 1990, after another court of appeals had held that the aiding and abetting statute, 18 U.S.C. § 2, could not be used in conjunction with the continuing criminal enterprise statute to make criminal the aiding and abetting of a continuing criminal enterprise, *United States v. Amen*, 831 F.2d 373, 381–82 (2d Cir.1987), *cert. denied*, 485 U.S. 1021, 108 S.Ct. 1573, 99 L.Ed.2d 889 (1988),[2] Herrera filed a motion under section 2255 to vacate his conviction. He asserted that the district court had erred in instructing the jury, as he had requested, that they could convict him for aiding and abetting a continuing criminal enterprise.[3] The district court denied this motion.

## II.

It has long been recognized that "a court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." *Shields v. United States*, 273 U.S. 583, 586, 47 S.Ct. 478, 479, 71 L.Ed. 787 (1927). Stated more succinctly in the criminal context, "[a] defendant in a criminal case cannot complain of error which he himself has invited." *Id.* (quotation omitted); *accord Wilson v. Lindler*, 8 F.3d 173, 175 (4th Cir.1993) (en banc), *cert. denied*, —— U.S. ——, 114 S.Ct. 1101, 127 L.Ed.2d 414 (1994).

Our most recent examination of this invited error doctrine, in *Wilson*, casts doubt on whether we ever except defendants from its bar. There the en banc court noted, in the habeas context, that "[e]ven if we were to find [the error alleged by the defendant], the error was invited and therefore cannot form the basis for ... relief.... [N]o exception to the invited error doctrine has ever been adopted by this circuit...." *Id.*

---

1. Being convicted for aiding and abetting rather than for serving as a principal benefitted Herrera in two ways. First, it allowed him to argue at his sentencing that he was not subject to the mandatory sentencing provisions of section 848, which at that time required that a defendant's sentence fall in the range of ten years imprisonment without parole to life imprisonment without parole. His argument was that these mandatory provisions apply only to defendants convicted as principals. Herrera presented this argument at his sentencing, but the district court rejected it.

   Second, even if, as the district court found, the aiding and abetting conviction did subject Herrera to a sentence within section 848's mandatory range, that conviction was likely to induce the district court to set a lighter sentence within this range than it would set if he was convicted as a principal. The district court subsequently sentenced Herrera to fifteen years in prison without parole for the aiding and abetting conviction; of course, we cannot determine with certainty what sentence the district court would have imposed had he been convicted as a principal.

2. This Court has never addressed the question of whether the aiding and abetting statute may be combined with the continuing criminal enterprise statute to make criminal the aiding and abetting of a continuing criminal enterprise. When Herrera was tried, only one court of appeals had considered the issue, and it had held that the two statutes could be so combined. *United States v. Ambrose*, 740 F.2d 505, 507–08 (7th Cir.1984), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3479, 87 L.Ed.2d 614 (1985). The Second Circuit, in *Amen*, was the first court of appeals to reach the opposite conclusion. Subsequently, the Seventh Circuit reaffirmed its earlier holding in *Ambrose. United States v. Pino–Perez*, 870 F.2d 1230, 1231–36 (7th Cir.), *cert. denied*, 493 U.S. 901, 110 S.Ct. 260, 107 L.Ed.2d 209 (1989). No courts of appeals other than the Second and Seventh Circuits have yet confronted the issue; we need not, and do not, do so here.

3. Herrera also made other arguments in conjunction with his section 2255 motion, but these were rejected by the district court and are not raised on appeal.

The en banc court also "adopt[ed] as [its] own," *id.*, Judge Widener's dissent from the earlier panel opinion, *Wilson v. Lindler*, 995 F.2d 1256 (4th Cir.1993), in which he stated:

I do not agree that an exceptional circumstances exception [to the invited error doctrine] exists. Certainly it has never existed in this circuit before today, and apparently is extant only in the Ninth Circuit. Although theologians may argue about whether some sins are worse than others, so far as a habeas petitioner is concerned when a constitutional error has been invited, all such errors that furnish an avenue for relief are equal.

*Id.* at 1265. Judge Widener further indicated that "even if [an exceptional circumstances] exception to the invited error doctrine does exist," *id.*, it may be "invoked only when it is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice," *id.* at 1266 (quotations omitted).

The invited error doctrine clearly encompasses the case at bar. Herrera contends that the district court erred in instructing the jury that they could convict him of aiding and abetting a continuing criminal enterprise—but he explicitly requested this very instruction.

The circumstances of this case plainly do not merit excepting Herrera from the invited error bar, even if any such exception exists. Not only did Herrera's counsel request the instruction on aiding and abetting a continuing criminal enterprise, he did so as a matter of sound trial strategy. Herrera stood accused of serving as a principal in a continuing criminal enterprise, and the government had presented evidence that, according to the district court, "show[ed] unmistakably" that he was guilty as charged. Herrera's counsel sought the instruction on the lesser included crime of aiding and abetting in order to avert Herrera's impending conviction as a principal. His strategy succeeded: Herrera was convicted of aiding and abetting the continu-

ing criminal enterprise, but acquitted of serving as a principal in it.

As a result, even if the aiding and abetting instruction was error, it was error requested by Herrera's counsel, and error reasonably designed to benefit Herrera. We cannot find that such an error tainted "the integrity of the judicial process," *Wilson*, 995 F.2d at 1256, or caused "a miscarriage of justice," *id. See United States v. Console*, 13 F.3d 641, at 660 (3d Cir.1993) ("A defendant cannot complain on appeal of alleged errors invited or induced by himself, particularly where, as here, it is not clear that the defendant was prejudiced thereby.") (quotation omitted). The invited error doctrine, therefore, prevents us from addressing the merits of Herrera's claim that the instruction he requested was error.[4]

### III.

For the reasons stated, we affirm the district court's denial of Herrera's section 2255 motion.

**AFFIRMED.**

K.K. HALL, Circuit Judge, dissenting:

The majority invokes the invited error doctrine to avoid having to decide the question of whether Herrera is serving a sentence for a crime that may not exist. I would reach the question and, upon reaching it, hold that Herrera was improperly convicted of aiding and abetting a continuing criminal enterprise (CCE).

For the reasons outlined in *United States v. Amen*, 831 F.2d 373 (2nd Cir.1987), *cert. denied*, 485 U.S. 1021, 108 S.Ct. 1573, 99 L.Ed.2d 889 (1988), and in Judge Easterbrook's dissenting opinion in *United States v. Pino–Perez*, 870 F.2d 1230 (7th Cir.), *cert. denied*, 493 U.S. 901, 110 S.Ct. 260, 107 L.Ed.2d 209 (1989), I believe that the CCE statute, 21 U.S.C. § 848, will not support a conviction of a defendant charged as an aider and abettor.

He did not raise this issue in his direct appeal, however, and we decline to consider it in conjunction with his section 2255 motion.

---

4. Herrera also contends that the government did not present sufficient evidence to show that he aided and abetted the continuing criminal enterprise, rather than served as an employee in it.

The majority holds that if it was error to permit such a verdict to be returned, the error was invited and will not be excused. However, even if there were invited error, I believe that allowing the error to go uncorrected would be a "miscarriage of justice" because I believe Herrera to be "actually innocent of the crime of which he was convicted." *Wilson v. Lindler*, 995 F.2d 1256, 1266 (4th Cir.1993) (Widener, J. dissenting) (discussing exceptions to invited error doctrine in Ninth Circuit) (citation omitted) (opinion adopted by majority in *Wilson v. Lindler*, 8 F.3d 173 (4th Cir.1993) (en banc), *cert. denied*, —— U.S. ——, 114 S.Ct. 1101, 127 L.Ed.2d 414 (1994)); *cf. Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 2305, 41 L.Ed.2d 109 (1974) (holding that a non-constitutional claim, determined against the defendant in a prior direct appeal, is cognizable in a § 2255 proceeding if new law has been made since the trial and appeal; describing conviction and punishment "for an act that the law does not make criminal [as] a circumstance [that] inherently results in a complete miscarriage of justice....").

Had the trial court, without a request from the defendant, instructed the jury that Herrera could be found guilty of a *single* charge of CCE as either (1) a principal or (2) an aider and abettor, we would be compelled to reverse the conviction were we to adopt the reasoning in *Amen*. *See United States v. Mallas*, 762 F.2d 361, 363 n. 3 (4th Cir.1985) (whenever a jury considers alternate theories of liability, the conviction must be reversed "if either theory is an improper basis for punishment."). At the very least, we would not be faced with any invited error obstacle in deciding whether we should even reach the issue of aider and abettor culpability. However, the majority now erects an insurmountable obstacle to review of the substantive issue because Herrera's counsel, acting on the basis of a 1984 decision from another circuit, took the precautionary measure of requesting a verdict that could have resulted

in a sentence below the mandatory minimum.\*

Another way to approach this case is to imagine how we would rule were the Supreme Court to decide tomorrow that *Amen* is correct. Would we fall back on the invited error doctrine to uphold a conviction for a crime that never existed? The situation would not be unlike the one that we encountered in *United States v. Mandel*, 862 F.2d 1067 (4th Cir.1988) (vacating 1977 convictions on the basis of a 1987 Supreme Court decision in a different case that the underlying conduct was not within the reach of the statute of conviction), *cert. denied*, 491 U.S. 906, 109 S.Ct. 3190, 105 L.Ed.2d 699 (1989). In *Mandel*, in response to the government claim that *coram nobis* relief was inappropriate, we said the error was "of the most fundamental character." *Id.* at 1075. Granted, *Mandel* concerned a dispositive Supreme Court ruling, whereas we are faced with an aspect of the brooding omnipresence as yet unexplored in this circuit. However, because the potential injustice in this case is "of the most fundamental character," we should not rely on defense counsel's tactical decision—entirely defensible at the time—to avoid exploring the issue.

Even if it were invited error to permit the jury to return an aider and abettor guilty verdict, I would hold that exceptional circumstances impel reversal of the conviction. The majority emphasizes the strength of the government's evidence, but the strongest case imaginable cannot erase the fact that *the jury* specifically decided that Herrera was not guilty as a CCE principal. If *Amen* is correct, and we should decide that it is, then fundamental precepts of justice demand that Herrera be granted relief.

---

\* In *United States v. Ambrose*, 740 F.2d 505 (7th Cir.1984), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3479, 87 L.Ed.2d 614 (1985), the Seventh Circuit had held that a defendant could be convicted as an aider and abettor of a CCE but that such a conviction would not carry with it the mandatory minimum sentence of ten years without the possibility of parole. The government correctly recognizes that Herrera's request for an aiding and abetting instruction was based on *Ambrose* and the hope for a sentence less than ten years. *See* majority op. at 75 n. 1.