**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 96-4885

MERVYN CLINTON GODDARD, a/k/a
Sence,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Samuel G. Wilson, Chief District Judge.
(CR-93-4)

Argued: December 3, 1997

Decided: January 28, 1998

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Edward Henry Weis, First Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant. Donald Ray
Wolthuis, Assistant United States Attorney, Roanoke, Virginia, for
Appellee. **ON BRIEF:** Hunt L. Charach, Federal Public Defender,
Charleston, West Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mervyn Clinton Goddard appeals the sentence imposed upon him by the district court following his guilty plea to one count of conspiracy to possess with the intent to distribute and to distribute cocaine base, see 21 U.S.C.A. § 846 (West Supp. 1997), and two counts of distributing, or aiding and abetting another to distribute, cocaine base, see 18 U.S.C.A. § 2 (West 1969); 21 U.S.C.A. § 841(a)(1) (West 1981). Goddard principally contends that the district court failed to make a factual finding necessary to trigger application of a 20-year mandatory minimum sentence. See 21 U.S.C.A.§ 841(b)(1)(A) (West Supp. 1997). Goddard also argues that his immunized proffered testimony was improperly used against him and that he was denied the effective assistance of counsel. Finding no error, we affirm.

I.

Prior to entering a plea agreement, Goddard met with law enforcement officials to discuss his role in the conspiracy. During that meeting, Goddard indicated that he sold $1,000 worth of cocaine base on four or five occasions. Goddard later signed a plea agreement that obligated him to cooperate with law enforcement agents and to testify truthfully if called upon to do so. In return, the Government promised that no information given during the prior meeting would be used against Goddard to enhance his sentence or to determine the quantity of drugs attributable to him for sentencing purposes. Goddard was also promised that he would be given the opportunity to provide assistance to the Government and that, if certain conditions were met, the Government would move for a downward departure based on Goddard's substantial assistance. See 18 U.S.C.A. § 3553(e) (West Supp. 1997);*U.S. Sentencing Guidelines Manual§ 5K1.1 (1993).

_____

*Section 3553(e) provides in pertinent part that"[u]pon motion of the Government, the court shall have the authority to impose a sentence

2

The presentence report regarding Goddard estimated that 240 grams of cocaine base was attributable to him within the scope of the conspiracy. Based on that amount and the fact that Goddard previously had been convicted of a felony drug offense, the report stated that a 20-year mandatory minimum sentence applied. See 21 U.S.C.A. § 841(b)(1)(A). Importantly, defense counsel did not challenge the conclusion in the presentence report that Goddard satisfied the conditions necessary to trigger application of the 20-year mandatory minimum sentence. Indeed, the record clearly demonstrates that the sentencing proceeding was conducted with the understanding by counsel for the Government, counsel for Goddard, and the court that the 20-year mandatory minimum statute applied. However, recognizing that the district court would have discretion to determine the extent of any departure from that mandatory minimum in the event that the court granted the Government's substantial assistance motion, defense counsel concentrated his efforts on offering evidence that Goddard was at most a minor participant in the conspiracy and was not aware of its full scope.

Defense counsel argued that Goddard was responsible for, "at best, around 40 or 50 grams, even maybe perhaps 60." J.A. 202. When specifically asked by the court what finding defense counsel wanted the court to make with respect to the amount of cocaine base attributable to Goddard, defense counsel replied, "I guess I'm just looking for about 60.... I think that would be going extremely high." J.A. 204. The court accepted defense counsel's recommendation, finding that "perhaps the Court cannot reasonably place more than 60 grams[ with Goddard], although there may be other evidence out there." J.A. 207. The court noted that accepting the drug amount suggested by defense counsel rather than the estimate in the presentence report did not affect the sentencing guideline calculation because the 60-gram quantity remained sufficient to trigger the 20-year mandatory minimum sentence. The court then granted the Government's substantial assistance motion and, departing from the 20-year mandatory minimum term, sentenced Goddard to ten years imprisonment.

_____

below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense." 18 U.S.C.A. § 3553(e).

II.

Goddard first contends that the district court failed to find that a drug quantity of at least 50 grams was reasonably foreseeable to Goddard within the scope of his agreement in the conspiracy and therefore that the court erred in employing the 20-year mandatory minimum sentence as a point of departure. See United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991). We disagree.

A determination of the quantity of a controlled substance attributable to a defendant for sentencing purposes following a conviction for a violation of § 846 requires a district court to make a factual finding concerning the amount of narcotics reasonably foreseeable to the individual conspirator within the scope of his agreement. See United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993). However, because defense counsel specifically requested a finding of 60 grams, did not challenge the application of the 20-year mandatory minimum sentence, and in fact repeatedly intimated to the district court that the statute was applicable, any error by the district court in employing the 20-year sentence as a point of departure was invited. See United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) (holding that a criminal defendant cannot complain of an error that he has invited).

Assuming arguendo that the alleged error was not invited, because Goddard failed to object to the application of the 20-year mandatory minimum, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). In order to establish our authority to notice an error not preserved by a timely objection, Goddard must show that the error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). Furthermore, even if Goddard can meet this burden, we must determine whether this is an appropriate situation for an exercise of our discretion to correct the error, i.e., whether it "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 732 (alteration in original) (quoting United States v. Young, 470 U.S. 1, 15 (1985)); see United States v. David, 83 F.3d 638, 641 (4th Cir. 1996).

We conclude that Goddard has failed to show that the district court did not make an adequate factual finding concerning the amount of

4

cocaine base attributable to him. See Morgan, 942 F.2d at 245. Goddard argues that the language of the district court that "perhaps the Court cannot reasonably place more than 60 grams" demonstrates that the court did not find an amount of 60 grams but rather found only an amount of not more than 60 grams. J.A. 207 (emphasis added). The context of the finding belies this characterization, however. Prior to making the statement at issue, the district court specifically inquired concerning what finding the defense would recommend, and defense counsel responded that it would be reasonable to attribute 60 grams of cocaine base to Goddard. When the language of the court is viewed in that context, it is clear that the court simply accepted defense counsel's recommendation and expressed possible agreement with the assertion that the facts did not justify a finding of a greater quantity. Thus, we find no error, let alone plain error, by the district court.

III.

Goddard also maintains that the district court committed plain error in allowing the probation officer to use Goddard's immunized statements in calculating the quantity of cocaine base for which he was responsible. See United States v. Malvito, 946 F.2d 1066, 1068 (4th Cir. 1991) (holding that information obtained by virtue of a defendant's cooperation cannot serve as the basis to enhance a defendant's sentence when the government has agreed not to use the information for that purpose). However, the record simply does not support Goddard's allegation that the probation officer employed the immunized statements. Although Goddard claims that no source other than his own immunized statement was given as a basis of the probation officer's estimates, the probation officer clearly testified that his estimates were based on information provided by other members of the conspiracy.

IV.

Finally, Goddard argues that he was denied the effective assistance of counsel. However, "a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir.

5

1992). Because the record does not conclusively demonstrate ineffectiveness, we decline to address the issue. This issue may be asserted in a § 2255 proceeding should Goddard choose to do so.

V.

We conclude that the district court did not commit reversible error in finding the quantity of cocaine base attributable to Goddard for sentencing purposes. Furthermore, we conclude that Goddard's claim that the court committed plain error by allowing the probation officer to employ Goddard's immunized statements to enhance his sentence is without merit. And, we determine that his assertion of ineffective assistance of counsel is not properly before this court. Accordingly, we affirm.

AFFIRMED