**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4194

MELVIN QUICK,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                           No. 97-4527

GEMINI BOYD, a/k/a Jaraun Boyd,
a/k/a Gemini,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4535

MARCUS SIFFORD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4538

CURTIS SIFFORD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                           No. 97-4622

TYRONE SIFFORD,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                           No. 98-4615

MELVIN QUICK,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge; Richard L. Williams,
Senior District Judge, sitting by designation.
(CR-96-134-V)

Submitted: December 22, 1999

Decided: January 13, 2000

Before MURNAGHAN and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Nos. 97-4194, 97-4527, 97-4535, 97-4538, and 97-4622 affirmed and
No. 98-4615 dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Noell Peter Tin, RAWLS & DICKENSON, P.A., Charlotte, North
Carolina; Leslie Carter Rawls, Charlotte, North Carolina; Calvin E.

2

Murphy, MURPHY & CHAPMAN, P.A., Charlotte, North Carolina; John W. Totten, II, Charlotte, North Carolina; Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina; Michael A. Grace, MICHAEL A. GRACE, P.A., Winston-Salem, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Melvin Quick, Gemini Boyd, Tyrone Sifford, Marcus Sifford, and Curtis Sifford appeal their convictions and sentences for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.§ 841(a)(1) (1994) and 21 U.S.C. § 846 (1994), and conspiracy to use and carry firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C.A. § 924(c), (n) (West Supp. 1999). Finding no reversible error, we affirm in Nos. 97-4194, 97-4527, 97-4535, 97-4538, and 97-4622. We dismiss Melvin Quick's additional appeal, No. 98-4615, because his pro se notice of appeal was not filed within the applicable appeal period, depriving this court of jurisdiction. See Fed. R. App. P. 4(b).**1**

The Defendants raise nine issues on appeal: (1) whether the district court committed plain error in its management of the trial and sentencing hearing; (2) whether the district court's remarks to Defendants regarding their decisions about whether to testify violated due

_____

**1** Quick's counsel filed a timely notice of appeal (No. 97-4194). Accordingly, we have reviewed Quick's conviction and sentence in that appeal.

process; (3) whether the district court abused its discretion by admitting evidence of other crimes allegedly committed by Melvin Quick; (4) whether the district court abused its discretion by allowing testimony identifying Melvin Quick on redirect examination; (5) whether the district court clearly erred in its finding that cocaine base was reasonably foreseeable to Gemini Boyd; (6) whether the district court abused its discretion in allowing Robert Harris to testify that he saw Gemini Boyd with a .45 caliber handgun; (7) whether the district court clearly erred in finding that Tyrone Sifford consented to a search of his vehicle, and denying his motion to suppress evidence from a February 8, 1992, search based on consent; (8) whether the district court clearly erred in its determination that there was reasonable suspicion to stop Tyrone Sifford's vehicle on June 12, 1995; and (9) whether the district court clearly erred in its finding that the actions of Tyrone Sifford constituted obstruction of justice, thereby supporting a two-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (1995 & Rev. Supp. 1997).

We find that the district court did not commit plain error in its management of the trial. Although an allegation of district court behavior that deprives a defendant of a fair trial is generally reviewed for an abuse of discretion, see United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995), the plain error standard of review applies where, as here, the defendant fails to object at trial. See Fed. R. Crim. P. 52(b). Absent a "high degree of favoritism or antagonism" making a fair judgment impossible, a judge's courtroom administration is immune and does not establish bias or partiality on behalf of the court. Liteky v. United States, 510 U.S. 540, 555 (1994). Given the large number of defendants and witnesses in this involved conspiracy case, we find that the district court properly regulated the conduct of the trial and ensured that the jury was not subjected to repetitive or unnecessary information. See Castner, 50 F.3d at 1272; United States v. Tindle, 808 F.2d 319, 327 (4th Cir. 1986).

We also find that the district court's remarks to the Defendants regarding their decisions about whether to testify did not violate due process. In support of their claim, the Defendants cite Webb v. Texas, 409 U.S. 95 (1972), which held that the trial judge's comments to a witness "effectively drove that witness off the stand, and thus deprived the petitioner of due process of law under the Fourteenth

4

Amendment." Id. at 98. In contrast, when viewed in light of the entire record, we believe that the district court's comments in this case were prompted by concern and a genuine desire to remind the Defendants of the risks of testifying. We accordingly find that the district court's admonition did not rise to the level of a Webb -type violation. See United States v. Smith, 997 F.2d 674, 680 (10th Cir. 1993).

We find that the district court did not err in admitting evidence of other crimes allegedly committed by Melvin Quick. We review a district court's decision to admit evidence of bad acts under Fed. R. Evid. 404(b) for abuse of discretion, see United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991), and will not reverse the district court's determination unless it is "arbitrary or irrational." United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). In the first reference to Quick's involvement in previous crimes, counsel objected to the foundation for Robert Harris' statement that Quick was involved in a shooting. In response, Harris explained that the shooting occurred during a jewelry robbery. We find that counsel invited the admission of this statement into evidence through the foundation objection. Because Quick cannot complain of an error that he has invited, we find that the district court did not err in admitting Harris' statement regarding the robbery. See United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994).

The second reference to Quick's involvement in previous crimes occurred during the testimony of Bathsheeba Isabel, who alluded to Quick robbing drug dealers. We find that the district court did not err in admitting Isabel's statement because the robbery related directly to the charge of conspiracy. See United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996) (stating that in a drug conspiracy, conversations regarding murder-for-hire were intrinsic to the alleged crime and thus were not Rule 404(b) evidence). Robbing other drug dealers of drugs and money discourages competition in the local drug market and allows the dealer to restock his inventory without having to pay for more drugs. We therefore find no error in the district court's decision to admit these prior acts into evidence.

We also find that the district court did not abuse its discretion by allowing testimony identifying Melvin Quick on redirect examination. Because counsel for another defendant elicited the identification of

Quick on cross-examination, to which Quick's attorney failed to object, we find that there was no error in allowing the identification again on redirect examination. We find that the district court did not err in determining the type and quantity of cocaine that was reasonably foreseeable to Gemini Boyd. Credibility determinations involving the quantity of drugs are within the province of the sentencing court and will not be overturned unless they are clearly erroneous. See 18 U.S.C. § 3742(e) (1994); Edwards v. United States, 523 U.S. 511, 513-14 (1998); United States v. Fisher, 58 F.3d 96, 1000 (4th Cir. 1995). We find that the district court had ample evidence, including extensive trial testimony, the Government's summary of trial evidence, detailed presentence reports, and witness testimony at the sentencing hearing, to support its finding regarding the amount of cocaine base attributable to Boyd. See United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992) (holding that the sentencing court may consider any relevant information that has sufficient indicia of reliability to support its probable accuracy).

We find that the district court did not abuse its discretion in allowing Robert Harris to testify that he saw Gemini Boyd with a .45 caliber handgun. Boyd contends that Harris' testimony referred to an act occurring before September 13, 1994, the effective date of 18 U.S.C.A. § 924(n) (West Supp. 1999). It is not clear from the record, however, that Harris' statement necessarily referred to an observation that took place prior to the effective date of the statute. Even assuming his statement referred to this time period, we find that it was nevertheless admissible with regard to the drug conspiracy charge. Evidence that Boyd carried a weapon is relevant to proving a drug conspiracy; "drug dealing is a dangerous and often violent enterprise." United States v. Brockington, 849 F.2d 872, 876 (4th Cir. 1988), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995).

The district court did not err in denying Tyrone Sifford's motion to suppress evidence from a February 8, 1992, search of his vehicle. When reviewing the district court's denial of a motion to suppress, we review the district court's legal conclusions de novo, but its factual findings are reviewed for clear error. See United States v. Han, 74 F.3d 537, 540 (4th Cir. 1996); United States v. Williams, 10 F.3d 1070, 1077 (4th Cir. 1993). We find that Officer Hollar had reason-

6

able suspicion to stop Tyrone Sifford under <u>Terry</u> and its progeny, <u>see</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 22 (1968), based on the informant's tip and Hollar's own observations and knowledge. <u>See Alabama v. White</u>, 496 U.S. 325, 330 (1990); <u>United States v. Miller</u>, 925 F.2d 695, 698-700 (4th Cir. 1991). Further, we find that the district court made a proper credibility determination in finding that Tyrone Sifford consented to the search of his vehicle, based on Sifford's signed confession and Hollar's testimony. <u>See United States v. Lamarr</u>, 75 F.3d 964, 973 (4th Cir. 1996) (stating that the credibility of witnesses is within the sole province of the finder of fact).

Tyrone Sifford also questions whether an anonymous tip received by Officer Smith on June 12, 1995, was sufficiently reliable under <u>Alabama v. White</u> to warrant a second search of his vehicle. Under <u>White</u>, the investigating officer must test the reliability of an informant's tip either by obtaining corroborating details or by establishing the trustworthiness of the informant. <u>See White</u>, 496 U.S. at 330-31; <u>United States v. Perrin</u>, 45 F.3d 869, 872-73 (4th Cir. 1995). Because Smith was unfamiliar with the informant, he needed to ascertain the informant's reliability by obtaining corroborating details. Smith drove to the location described by the informant and noted the yellow house with a white car parked out front. Smith also knew that one of the cars potentially involved in the murder/carjacking case was described as a white car, possibly a Pontiac or Buick.

We need not decide whether the information possessed by Smith was sufficient to constitute a reasonable suspicion. Even if we assume that Smith lacked reasonable suspicion to stop Tyrone Sifford's vehicle, it is clear that any resulting error was harmless. We set forth the appropriate standard for harmlessness of a constitutional error in <u>United States v. Melgar</u>, 139 F.3d 1005, 1016 (4th Cir. 1998). "An error is harmless if viewing the record as a whole, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty absent the testimony." <u>Id.</u> (citation omitted). Given the overwhelming amount of evidence at trial implicating Tyrone Sifford in the conspiracy, we are convinced beyond a reasonable doubt that the jury would have returned a verdict of guilty even without evidence seized from Sifford's vehicle on June 12, 1995.

We also find that the district court did not err in enhancing Tyrone Sifford's sentence by two levels pursuant to USSG§ 3C1.1. The dis-

7

trict court's determination that a defendant engaged in conduct that obstructed justice is a factual finding subject to a clearly erroneous standard of review. <u>See United States v. Puckett</u>, 61 F.3d 1092, 1095 (4th Cir. 1995). We find that the district court made a proper credibility determination and did not clearly err in enhancing Sifford's sentence. <u>See United States v. Self</u>, 132 F.3d 1039, 1042 (4th Cir. 1997).

Accordingly, we grant the Government's motion to submit case on briefs, deny Tyrone Sifford's, Marcus Sifford's, and Curtis Sifford's motions to file a pro se supplemental brief, and affirm the Defendants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Nos. 97-4194, 97-4527, 97-4535, 97-4538,
and 97-4622 - <u>AFFIRMED</u>
No. 98-4615 - <u>DISMISSED</u>

8