**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4974**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

GERALD BROWN,

                Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., District Judge.  (6:07-cr-01353-HMH-1)

───────────

Submitted:  March 24, 2009          Decided:  April 6, 2009

───────────

Before GREGORY, SHEDD, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Andrew Mackenzie, BARRETT & MACKENZIE, LLC, Greenville, South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Brown was convicted after a jury trial of one count of being a felon in possession of firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006), and one count of being a felon in possession of body armor, in violation of 18 U.S.C. § 931(a) (2006). The district court sentenced Brown to 120 months' imprisonment on the firearm and ammunition count and to a concurrent term of 36 months' imprisonment on the body armor count. Brown's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that this appeal is wholly frivolous and lacking in any meritorious issues. Brown was informed of his right to file a pro se supplemental brief, but he has declined to do so.

Although asserting that the appeal is without merit, counsel questions whether the district court erred by instructing Brown's trial counsel to call a witness Brown wished to call, but trial counsel did not. Without finding that an error in fact occurred, we conclude that any error was invited by Brown himself and cannot now form the basis for granting relief on appeal. See United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994). Moreover, our review of the record leads us to conclude that even in the absence of any invited error, the district court's instruction did not amount to interference with the attorney-client relationship, in violation of the Sixth

2

Amendment.  See Weatherford v. Bursey, 429 U.S. 545, 558 (1977); United States v. Chavez, 902 F.2d 259, 266 (4th Cir. 1990).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review.  Finding no error, we affirm the district court's judgment.  This court requires counsel to inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review.  If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on Brown.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED