**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4064**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TROY ALLEN MOORE,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:02-cr-10059-JPJ-PMS-1)

Submitted: May 5, 2016        Decided: May 10, 2016

Before SHEDD, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant. John P. Fishwick, Jr., United States Attorney, Kevin L. Jayne, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2003, a federal jury convicted Troy Allen Moore of several counts related to firearm and drug possession. Moore was sentenced to 90 months of imprisonment, followed by 5 years of supervised release. The district court subsequently revoked Moore's supervised release and sentenced him to 30 days of imprisonment, followed by 2 years of supervised release. After Moore's release from incarceration, the court again found that Moore had violated the terms of his supervised release and imposed a sentence of six months of imprisonment, followed by two years of supervised release. Moore now appeals. For the reasons that follow, we affirm.

Moore first argues on appeal that the district court erred in admitting a laboratory report of the analysis of the substances he possessed without conducting a balancing test pursuant to Fed. R. Crim. P. 32.1(b)(1)(C). Here, however, Moore offered the report into evidence. "Under ordinary circumstances, this court will not consider alleged errors that were invited by the appellant." United States v. Hickman, 626 F.3d 756, 772 (4th Cir. 2010). Under the invited error doctrine, "a court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) (internal quotation marks omitted). We conclude

that Moore invited any error in the district court's admission of the report as part of his trial strategy and we therefore decline to consider this assignment of error on appeal. See United States v. Lespier, 725 F.3d 437, 451 (4th Cir. 2013) (only recognized exception to the invited error doctrine where noticing error would be necessary to preserve the integrity of the judicial process or prevent a miscarriage of justice; no such circumstances exist where defendant invited error as part of sound trial strategy).

Moore also argues that the district court erred in finding that he was guilty of driving under the influence. We review a district court's decision to revoke supervised release for abuse of discretion, and review the court's factual findings underlying the revocation for clear error. United States v. Padgett, 788 F.3d 370, 373 (4th Cir.), cert. denied, 126 S. Ct. 494 (2015). The district court need only find a supervised release violation by a preponderance of the evidence; "[t]his standard requires only that the existence of a fact be more probable than its nonexistence." Id. at 374 (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in revoking Moore's supervised release.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED