**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4692**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY GARCIA, a/k/a Gregory Garcia Perez,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:15-cr-00040-MOC-DSC-1)

Submitted: June 18, 2018                                    Decided: June 20, 2018

Before DUNCAN and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. Rob Heroy, GOODMAN, CARR PLLC, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2015, a federal grand jury returned a two-count indictment charging Gregory Garcia with making false and misleading statements about his criminal history during his application to become a naturalized American citizen, in violation of 18 U.S.C. § 1425(a) (2012).  Garcia pled not guilty and was convicted of both counts after a jury trial.  Prior to sentencing, the Government moved to revoke Garcia's naturalization pursuant to 8 U.S.C. § 1451(e) (2012), which provides that:

> When a person shall be convicted under section 1425 of Title 18 of knowingly procuring naturalization in violation of law, the court in which such conviction is had shall thereupon revoke, set aside, and declare void the final order admitting such person to citizenship, and shall declare the certificate of naturalization of such person to be canceled.  Jurisdiction is conferred on the courts having jurisdiction of the trial of such offense to make such adjudication.

The Government further sought to cancel Garcia's certificate of naturalization pursuant to 8 U.S.C. § 1451(f) (2012).

At sentencing, the court imposed a two-year term of probation, with four months of electronic monitoring.  The court then turned to the Government's motion for revocation, at which point defense counsel moved "to stay that or to hold that in abeyance pending the appeal[.]"  (J.A. 43).[*]  The court agreed to hold the motion to revoke naturalization in abeyance "pending the appeal with the intention of following the statute if it's unsuccessful because I shall sign that order upon request."  (J.A. 43).  To this, Garcia's attorney responded, "Yes, Your Honor."  (J.A. 43).

---

[*] Citations to the "J.A." refer to the joint appendix submitted by the parties.

Garcia indeed appealed, and we affirmed the criminal judgment. *See United States v. Garcia*, 855 F.3d 615 (4th Cir. 2017). After this court's decision issued, the Government filed an amended motion to revoke Garcia's naturalization and cancel his certificate of naturalization.

Counsel for Garcia opposed the motion, first arguing that revoking Garcia's naturalization after issuance of the criminal judgment violated the constitutional prohibition on double jeopardy as it amounted to a successive punishment. Garcia next argued that the court lacked jurisdiction to issue the revocation order because nothing in the final judgment left open the imposition of an additional sanction such as revocation of naturalization.

The district court granted the Government's motion and revoked Garcia's naturalization, opining that there was no double jeopardy concern because the revocation was "part of the original proceeding" and mandated by statute. (J.A. 94). The court next concluded that Garcia's direct appeal did not preclude the later entry of a revocation order, again because it was mandated by 8 U.S.C. § 1451(e) by virtue of Garcia's convictions under 18 U.S.C. § 1425(a). The court further ordered the cancellation of Garcia's naturalization certificate. This order is now before us for review.

On appeal, Garcia restates the same double jeopardy and jurisdictional arguments rejected by the district court. However, as discussed above, it is plain that Garcia both (1) asked the court to defer entering the revocation order pending completion of his appeal; and (2) fully consented to the district court's approach to handling this matter.

We thus agree with the Government that Garcia invited any error stemming from the delayed entry of the revocation order.

"Under ordinary circumstances, this court will not consider alleged errors that were invited by the appellant." *United States v. Hickman*, 626 F.3d 756, 772 (4th Cir. 2010). Under this doctrine, known as the invited error doctrine, "'a court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request.'" *United States v. Herrera*, 23 F.3d 74, 75 (4th Cir. 1994) (quoting *Shields v. United States*, 273 U.S. 583, 586 (1927)). This is precisely the situation here.

While we have recognized "a potential exception to the invited error doctrine when it is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice," *United States v. Lespier*, 725 F.3d 437, 450 (4th Cir. 2013) (internal quotation marks omitted), Garcia does not contend—and the record does not reveal—that either of these considerations are in play. As other courts of appeals have recognized, the entry of an order revoking naturalization is "a simple ministerial task" that is "statutorily required." *United States v. Maduno*, 40 F.3d 1212, 1217 (11th Cir. 1994); *see also United States v. Inocencio*, 328 F.3d 1207, 1209-10 (9th Cir. 2003) (recognizing that revocation of naturalization is "a mandatory chore" following a conviction under § 1425 and that "the purpose of 8 U.S.C. § 1451(e) is to ensure the *automatic* revocation of naturalization upon a conviction" under § 1425). The record confirms the integrity of the judicial process in this proceeding and that no miscarriage of justice results from the issuance of the revocation order under these circumstances.

4

Because the district court did precisely what Garcia asked it to do—that is, enter the revocation order after this court affirmed the qualifying § 1425(a) convictions—we will not now consider Garcia's complaints regarding the court's acquiescence to that request. Accordingly, we affirm the district court's order revoking Garcia's naturalization pursuant to 8 U.S.C. § 1451(e). *See United States v. Garcia*, No. 3:15-cr-00040-MOC-DSC-1 (W.D.N.C. Oct. 31, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
