**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4652

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

v.

ANTHONY JERMART MIFFIN, a/k/a Ant,

            Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:08−cr−00325−REP−RCY−4)

Submitted: October 3, 2022                          Decided: October 20, 2022

Before WILKINSON and AGEE, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Robert J. Wagner, ROBERT J. WAGNER PLC, Richmond, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Jermart Miffin was sentenced in 2009 to 235 months of imprisonment for conspiring to distribute crack cocaine. In 2019, the district court granted his motion for a sentence reduction under the First Step Act and resentenced him to time served and four years of supervised release. Shortly thereafter, Miffin started selling drugs yet again and pled guilty to a federal drug-trafficking offense. He now challenges the district court's decision to impose a revocation sentence of 24 consecutive months of imprisonment for violating the terms of his supervised release. Miffin argues that the court, when determining the proper revocation sentence, should have recalculated the guideline range for his original 2009 conviction and considered the fact that he had already served more time than the high end of that range. For the following reasons, we affirm.

I.

Miffin pled guilty to conspiracy to distribute fifty grams or more of crack cocaine in late 2008 and was classified as a career offender because of his prior convictions for attempted murder and possession with intent to distribute heroin and marijuana. J.A. 54–55, 326–31. In early 2009, the district court, varying downward from the career-offender guideline range, sentenced Miffin to 235 months of imprisonment. *Id.* at 86–87, 110.

In 2019, Miffin moved under §§ 404 and 603 of the First Step Act for a sentence reduction based on reductions to the applicable guidelines made by § 2 of the Fair Sentencing Act and due to compelling and extraordinary circumstances—namely, his alleged terminal lung cancer. *Id.* at 346–62. He requested a sentence of time served and

2

four years of supervised release. *Id.* at 361. The court granted the motion and resentenced him to time served and four years of supervised release. *Id.* at 118. Miffin did not appeal.

About two years after his release, in April 2021, Miffin was indicted for five drug-trafficking offenses he allegedly committed in late 2020, including distribution of methamphetamine, fentanyl, and heroin. *Id.* at 280–82. He pled guilty to distributing five grams or more of methamphetamine and was sentenced to 188 months of imprisonment on these charges—a sentence he does not appeal. *Id.* at 284, 311. Miffin also pled guilty to violating the terms of the supervised release imposed for his 2009 conviction. *Id.* at 177.

Both Miffin and the Government agreed that the maximum revocation sentence for Miffin's supervised-release violation was 36 months and the guideline range was 30 to 36 months, to run consecutively. *Id.* at 221, 232–234. The Government recommended a consecutive sentence of 24 months based on the relevant sentencing factors, *see* 18 U.S.C. § 3553(a), including the defendant's breach of the court's trust, J.A. 233.

Miffin requested that any sentence run concurrently with his new drug-distribution sentence. *Id.* at 218. His primary argument was that the court should recalculate the guideline range for his original 2009 conviction that gave rise to the supervised release that he violated. *Id.* Miffin argued that had current, post-Fair-Sentencing-Act law been applied to his 2009 conviction, he would not have been considered a career offender and his guideline range would have been 85–105 months. *Id.* at 219. Because he arguably served more than 158 months of incarceration for the offenses that led to this conviction, he served more time than his would-be guideline range, and the court should consider that fact when deciding the sentence for his violation of supervised release. *Id.* at 220–22. Still, Miffin's

3

attorney expressly recognized that the court had discretion to sentence Miffin to up to 36 consecutive months of imprisonment for the supervised-release violation. *Id.* at 250–51.

The court considered all these arguments and the relevant § 3553(a) factors. *Id.* at 273–74. It noted that "Miffin is not actually being resentenced," and whether Miffin "should be credited with excessive time served so as not to unjustly punish him for the original sentence" is not a factor that 18 U.S.C. § 3583 permits the court to consider in determining a revocation sentence. *Id.* at 263–64. The court concluded that Miffin's supervised-release violation was "one of the most egregious breaches of trust" it had ever seen and sentenced him to a consecutive 24 months of imprisonment. *Id.* at 274.

Miffin timely appealed, renewing his argument that the district court should have recalculated the guideline range for his original 2009 conviction and considered the fact that Miffin had already served longer than the high end of the recalculated guideline range. Opening Br. of Appellant at 8–9. He calls this a procedural error that requires us to remand so that the court can recalculate the guideline range and factor this into its determination of the proper sentence for the supervised-release violation. *Id.* at 16–17.

## II.

"A sentencing court has broad discretion to impose a revocation sentence up to the statutory maximum. We affirm a revocation sentence so long as it is . . . not plainly unreasonable." *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020) (quotation marks and citations omitted). "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a)

4

factors." *Id.* at 297 (quotation marks omitted). "We are entitled to affirm on any ground appearing in the record." *United States v. Flores-Granados*, 783 F.3d 487, 491 (4th Cir. 2015) (quotation marks omitted).

III.

The district court did not abuse its broad discretion when it sentenced Miffin to 24 consecutive months of imprisonment for violating the terms of his supervised release.

To begin, the court had no obligation to recalculate the guideline range for Miffin's 2009 conviction and consider his time served in relation to that recalculated range when determining an appropriate revocation sentence. While Miffin, on appeal, claims he made a "Section 404 First Step Act motion," *see* Opening Br. of Appellant at 2, that is not, in fact, what he filed. He filed a "Memorandum of Law Addressing Supervised Release Sentence" requesting that the revocation sentence for his supervised-release violation run concurrently with the sentence for his new substantive conviction. J.A. 218. He did *not* request, in the words of § 404(b) of the First Step Act, that the court "impose a reduced sentence" for his original offense. Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). Miffin's attorney agreed with the district court that "Miffin [was] not actually being resentenced" for his original offense. J.A. 263. And his memorandum explained:

> Mr. Miffin understands that the law does not require the Court to allow him any "credit" or "banked time" for any "overserved" sentence. He simply identifies this important federal sentencing issue under the First Step Act *so that the Court, in its discretion, has some appreciation* for how the changes in the federal sentencing guidelines over the years *would have* affected his 2009 sentence.

*Id.* at 222 (emphasis added). Thus, as Miffin's attorney agreed, he was not requesting a reduction of his 2009 sentence but merely arguing that because his time served on that

5

sentence would have exceeded the current guideline range, a consecutive revocation sentence would not be a "just punishment." *Id.* at 264.

Even if Miffin's request could somehow have been construed as a motion to reduce his 2009 sentence, the district court had no obligation to entertain it. As noted, the court had *already* granted Miffin's 2019 First Step Act motion and reduced his sentence exactly as he requested—to time served and four years of supervised release. Miffin cannot now complain that the court failed to recalculate the guidelines for his original offense after it granted him the exact sentence that he sought. *See United States v. Herrera*, 23 F.3d 74, 75 (4th Cir. 1994) ("[A] court can not be asked by counsel to take a step in a case and later be convicted of error[] because it has complied with such request." (quotation marks omitted)). Moreover, § 404(c) of the First Step Act bars courts from entertaining a motion for a sentence reduction if, as here, the sentence "was previously reduced in accordance with [§ 2] of the Fair Sentencing Act." 132 Stat. at 5222.

Thus, the district court did not abuse its discretion or impose a plainly unreasonable revocation sentence when it considered the relevant § 3553(a) factors and sentenced Miffin to 24 consecutive months of imprisonment. Miffin, having just secured release under the First Step Act based in part on a claim of terminal illness, almost immediately resumed selling drugs. He willfully violated the supervised release that he had just requested. That, in essence, was all that was before the district court. The district court explained that this was "one of the most egregious breaches of trust" it had ever seen, but still imposed a sentence below the guideline range of 30–36 consecutive months. J.A. 274–75. The court complied with all applicable law and acted well within its discretion.

6

Its judgment is therefore affirmed.

*AFFIRMED*