**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4711**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONALD P. HARGRAVE,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Bruce H. Hendricks, District Judge.  (2:18-cr-00425-BHH-1)

Submitted:  April 4, 2024                         Decided:  June 12, 2024

Before WYNN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Elizabeth A. Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Winston D. Holliday, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Ronald P. Hargrave, a former physician, of seven counts of unlawfully distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Hargrave challenges the district court's jury instructions, the sufficiency of the evidence, and the exclusion of one of his proposed witness' testimony. We affirm Hargrave's convictions on Counts 1 through 3, vacate his convictions on Counts 4 through 7, and remand for further proceedings.

Hargrave relies on the Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022), to argue that the district court's jury instructions were erroneous because they applied an objective, rather than subjective, standard to the requirement that Hargrave's actions were outside the scope of a professional medical practice. The Government argues that Hargrave invited any error by proposing some of the language in the jury's instructions. Alternatively, the Government contends that plain-error review applies. We disagree with the Government on invited error but agree on plain error.

Under the invited error doctrine, "a court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." *United States v. Herrera*, 23 F.3d 74, 75 (4th Cir. 1994) (internal quotation marks omitted). We have applied the doctrine in the context of jury instructions. *Id.* at 76. However, Hargrave's "requested instructions 'relied on settled law that changed while the case was on appeal.'" *United States v. Kumar*, No. 20-4478, 2024 WL 1134035, at *2 (4th Cir. Mar. 15, 2024) (quoting *United States v. Duldulao*, 87 F.4th 1239, 1255 (11th Cir. 2023)). Thus,

we will consider Hargrave's challenge on the merits, employing plain-error review. *See Duldulao*, 87 F.4th at 1257.

To succeed on plain-error review, Hargrave "has the burden to show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). If Hargrave makes this showing, "we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (cleaned up). The Government does not dispute the first two prongs of plain-error review are satisfied, and in light of *Ruan* and our subsequent decision in *United States v. Smithers*, 92 F.4th 237 (4th Cir. 2024), we agree they are. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (recognizing error is plain when it is "clear or obvious at the time of appellate consideration" (cleaned up)); *see also Duldulao*, 87 F.4th at 1258 ("[A] district court errs by instructing a jury to apply an objective standard to the usual course of professional practice requirement, or failing to convey that a subjective analysis is required." (cleaned up)).

To establish the error affected his substantial rights, Hargrave has the "burden of showing that the error actually affected the outcome of the proceedings." *United States v. Nicolaou*, 180 F.3d 565, 570 (4th Cir. 1999) (internal quotation marks omitted). In other words, Hargrave must "show that the proper instruction, on the same evidence, would have resulted in acquittal, or at the very least a hung jury." *Id.*

It is illegal to distribute or dispense a controlled substance "[e]xcept as authorized" by law. 21 U.S.C. § 841(a)(1). In *Ruan*, the Supreme Court held that § 841's "knowingly

3

or intentionally" mens rea applies to the "[e]xcept as authorized" clause of the statute. 597 U.S. at 454, 468. Thus, when a defendant shows that he is authorized to issue prescriptions for controlled substances, "the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id.* This is a subjective, rather than objective, inquiry. *United States v. Kim*, 71 F.4th 155, 160, 164 (4th Cir.), *cert. denied*, 144 S. Ct. 436 (2023). The Government cannot meet its burden by proving that the physician lacked objective good faith in issuing the prescriptions. *Ruan*, 597 U.S. at 465.

On Counts 1 through 3, we do not believe the instructional error affected Hargrave's substantial rights. These counts related to his conduct with C.K., who testified that Hargrave wrote her prescriptions for controlled substances and gave her cash in exchange for sex. While Hargrave attacked C.K.'s credibility, two employees testified that they observed the beginning of Hargrave's encounter with C.K., confirming C.K.'s account. In the face of substantial evidence of this quid-pro-quo relationship with C.K., Hargrave cannot satisfy his burden to show that the jury would have acquitted him, or at least hung, if it had been properly instructed. *See Nicolaou*, 180 F.3d at 570.

As for counts 4 through 7, which corresponded with prescriptions Hargrave issued J.L., D.W., and M.F., those three individuals did not testify at trial. The Government introduced an expert who testified that these prescriptions were not justified by Hargrave's written notes, but Hargrave called his own expert to testify that they were. While C.K. testified that J.L. was a drug dealer and referred her to Hargrave, she was unsure if J.L. called Hargrave on her behalf or if he simply provided Hargrave's contact information, and

4

there was no other evidence linking them to a conspiracy. And although a pharmacist testified that she observed some questionable behavior between Hargrave and M.F. that signified there may have been a sexual relationship between the two, Hargrave only treated C.K. one time, three days after their sexual encounter, while Hargrave had an extended physician-patient relationship with M.F., and he ordered an MRI that confirmed M.F. had a nerve condition that caused pain.

Thus, on this record, we believe that a properly instructed jury could have at least hung, *Nicolaou*, 180 F.3d at 570, and the "instructional error undermines our confidence in the outcome of the trial," *Duldulao*, 87 F.4th at 1261 (cleaned up). Accordingly, we believe it prudent to exercise our discretion to correct the plain error and vacate Hargrave's convictions on Counts 4 through 7. In light of our decision to vacate, we need not address Hargrave's sufficiency challenge to those counts. *See Smithers*, 92 F.4th at 240. And for the reasons stated above, we reject Hargrave's sufficiency challenge on Counts 1 through 3.

Finally, Hargrave challenges the district court's decision to exclude the testimony of a pharmacist. We review the district court's decision for abuse of discretion.[*] *See United States v. Parker*, 262 F.3d 415, 420 (4th Cir. 2001). "An error [in an evidentiary

---

[*] In his brief, Hargrave conceded that this argument is reviewed for plain error. However, "parties cannot waive the proper standard of review by failing to argue it or by consenting to an incorrect standard." *United States v. Venable*, 943 F.3d 187, 192 (4th Cir. 2019) (internal quotation marks omitted). The district court excluded the testimony upon motion of the Government, and Hargrave argued for allowing the witness to testify. Thus, Hargrave preserved his argument below.

ruling] is harmless if it's highly probable that it did not affect the judgment." *United States v. Caldwell*, 7 F.4th 191, 204 (4th Cir. 2021) (cleaned up).  We conclude that any error was harmless.  Hargrave presented testimony from a physician who opined that his prescriptions were written for legitimate purposes.  Moreover, Hargrave's conduct with C.K. was so beyond the pale that the pharmacist's proposed testimony that others have received similar prescriptions would not have swayed the jury.

Accordingly, we affirm Hargrave's convictions on Counts 1 through 3, vacate his remaining convictions, and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*