**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4103**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

JOSEPH EMMANUEL MANN, a/k/a Cass Musa, a/k/a Musa Kofi,
a/k/a Mike Mann, a/k/a Big Mike, a/k/a Knot Musa, a/k/a Kofi
Musa, a/k/a Gilbert S. Batten, a/k/a Joseph Emmanual Mann,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis, III, Senior
District Judge.  (1:11-cr-00341-TSE-1)

_____

Submitted:  September 20, 2012    Decided:  October 3, 2012

_____

Before KING, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark A. Yurachek, MARK ALLEN YURACHEK & ASSOCIATES, Falls
Church, Virginia, for Appellant.  Lauren I. Dubick, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Joseph Emmanuel Mann was convicted of conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 108 months of imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Mann's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the evidence at trial was sufficient to sustain Mann's conviction. Although notified of his right to do so, Mann has not filed a pro se supplemental brief. After careful review of the record, we affirm Mann's conviction and sentence.

To sustain a conviction under 18 U.S.C. § 846, the Government must prove: (1) an agreement between at least two people to engage in conduct that violates federal drug law; (2) the defendant's knowledge of this conspiracy; and (3) the defendant's knowing, voluntary participation in it. United States v. Green, 599 F.3d 360, 367-68 (4th Cir. 2010). Once a conspiracy is proven, "the evidence need only establish a slight connection between a defendant and the conspiracy to support conviction." Id. at 367.

Further, because a conspiracy is by its nature clandestine and covert, it is generally proved by circumstantial evidence. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Evidence tending to prove a conspiracy may

2

include a defendant's relationship with other members of the conspiracy, and the existence of a conspiracy "may be inferred from a development and collocation of circumstances." Id. at 858 (internal quotation marks omitted). Evidence of a buyer-seller relationship is relevant to "the issue of whether a conspiratorial relationship exists." United States v. Yearwood, 518 F.3d 220, 226 (4th Cir. 2008) (internal quotation marks omitted). Evidence of a buy-sell transaction and a substantial quantity of drugs supports a reasonable inference that the parties are co-conspirators. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008).

Here, numerous witnesses testified that they repeatedly bought substantial quantities of oxycodone from Mann on a regular basis over a period of years. Several such witnesses claimed that they informed Mann they were reselling the oxycodone he provided them. Also, considering Mann's incriminating statements to law enforcement following his arrest, we have no doubt that the evidence at trial was sufficient to support the jury's verdict.

Turning to Mann's sentence, we review for reasonableness, using an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526

3

F.3d 155, 161 (4th Cir. 2008). Procedural errors include improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, sentencing based on clearly erroneous facts, or failing to adequately explain the sentence. Gall, 552 U.S. at 51. Only if we find a sentence procedurally reasonable can we consider substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, the district court properly calculated Mann's Guidelines range, and thoroughly explained its reasoning supporting Mann's below-Guidelines sentence. Therefore, we conclude that the sentence is procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Mann's conviction and sentence.

This Court requires that counsel inform Mann, in writing, of his right to petition the Supreme Court of the United States for further review. If Mann requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Mann. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED