**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4148**

_____

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

JOSEPH EMMANUEL MANN, a/k/a Musa Kofi, a/k/a Mike Mann,
a/k/a Big Mike, a/k/a Cass Musa, a/k/a Knot Musa, a/k/a
Kofi Musa, a/k/a Gilbert S. Batten, a/k/a Joseph Emmanual
Mann,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. T. S. Ellis, III, Senior
District Judge. (1:11-cr-00341-TSE-1)

_____

Submitted: November 30, 2015        Decided: December 9, 2015

_____

Before KING, DUNCAN, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Geremy C. Kamens, Acting Federal Public Defender, Frances H.
Pratt, Kevin R. Brehm, Assistant Federal Public Defenders,
Alexandria, Virginia, for Appellant. Dana J. Boente, United
States Attorney, Carina A. Cuellar, Christopher Catizone,
Assistant United States Attorneys, Alexandria, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Emmanuel Mann appeals the 108-month sentence imposed at his resentencing for conspiracy to distribute oxycodone. Mann contends that the district court erred in determining the quantity of drugs attributable to him. We affirm.

I

At Mann's original sentencing, the district court found that Mann was responsible for an amount of oxycodone with a marijuana equivalency of at least 3,000 kilograms but less than 10,000 kilograms, resulting in a base offense level of 34. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2011). Mann was in criminal history category I, and his Guidelines range was 151-188 months. The district court imposed a sentence of 108 months' imprisonment, varying downward to avoid sentencing disparity among co-conspirators and because of Mann's health issues. On appeal, Mann's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). We affirmed. United States v. Mann, 494 F. App'x 389 (4th Cir. Oct. 3, 2012) (No. 12-4103).

Mann then filed a 28 U.S.C. § 2255 (2012) motion. Among other issues, he contended that counsel was ineffective at sentencing for failing to object to the calculation of drug quantity on the basis of United States v. Bell, 667 F.3d 431

2

(4th Cir. 2011). The district court granted the motion with respect to this issue and ordered resentencing.

In its memorandum on resentencing, the government asserted that the trial testimony of two witnesses, Christopher Martino and James Post, established that Mann was responsible for 11,266 80-milligram oxycodone pills, for a marijuana equivalency of 6,038.576 kilograms. This amount placed Mann in base offense level 34 under the 2011 version of the Guidelines and base offense level 32 under the 2014 version. See USSG §§ 2D1.1(c)(3) (2011), 2D1.1(c)(4) (2014). In his memorandum, Mann claimed he was responsible for 6,946 pills but conceded that, even using this lower number, the marijuana equivalency remained the same — at least 3,000 kilograms but less than 10,000 kilograms. He agreed with the Government that his base offense level would be 34 under the 2011 version of the Guidelines and 32 under the 2014 version.

At the resentencing hearing, the Government stated that, although the parties disagreed about the exact number of oxycodone pills Mann had distributed, they agreed that he had distributed a quantity of oxycodone with a marijuana equivalency of at least 3,000 kilograms but less than 10,000 kilograms. Mann did not object to this statement, nor did he seek a ruling on the precise number of pills for which he was responsible.

The district court determined that Mann was accountable for oxycodone with a marijuana equivalency of 6,038 kilograms, resulting in base offense level 32 under the 2014 Guidelines. The court stated that its finding regarding drug quantity was based on the trial testimony of Martino and Post concerning the amount of oxycodone Mann actually distributed to them. The court departed below the Guidelines range of 121-151 months and again sentenced Mann to 108 months in prison.

II

Mann claims that the district court erred in calculating the quantity of drugs for which he was responsible. Specifically, he contends for the first time on appeal that he distributed only 5,293 oxycodone pills, for a marijuana equivalency that results in a base offense level of 30 under the 2014 Guidelines. We conclude that, by conceding in his resentencing memorandum and at the resentencing hearing that he was responsible for an amount of oxycodone with a marijuana equivalency of at least 3,000 kilograms but less than 10,000 kilograms, Mann invited any error and waived his right to raise this claim on appeal. See United States v. Hickman, 626 F.3d 756, 772 (4th Cir. 2010); United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994).

Even if the issue is not waived, however, we conclude that the district court did not commit any error, much less plain

4

error, in its determination of drug quantity. First, the court used the proper methodology sanctioned in Bell to determine drug quantity. See Bell, 667 F.3d at 443 (when drug in question was obtained by conspirator through a prescription, court may base determination of drug quantity on amount of drugs "actually distributed"). Second, in concluding that Mann distributed at least 11,000 oxycodone pills, the court found the testimony of Martino, who testified that Mann distributed 9,600 pills to him directly or indirectly, and Post, who testified that he bought $50,000 worth of oxycodone pills from Mann at $30 per pill, to be credible. We accord this credibility determination great deference. See United States v. Thompson, 554 F.3d 450, 452 (4th Cir. 2009).

                                III

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                    AFFIRMED

5