**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-4478

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANJAY KUMAR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:17-cr-00005-FL-1)

Submitted:  February 27, 2024                          Decided:  March 15, 2024

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Sanjay Kumar, Appellant Pro Se.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, Andrew Kasper, Assistant United States Attorney, Adam Frederick Hulbig, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A grand jury returned a second superseding indictment charging Sanjay Kumar, a former physiatrist, with conspiracy to prescribe, dispense, and distribute oxycodone, oxymorphone, hydromorphone, and alprazolam, in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 2 & 24); prescribing, dispensing, and distributing oxycodone, in violation of 21 U.S.C. § 841(a)(1) (Counts 3-23); prescribing, dispensing, and distributing alprazolam, in violation of 21 U.S.C. § 841(a)(1) (Counts 25-30); engaging in monetary transactions in property derived from unlawful activity, in violation of 18 U.S.C. § 1957 (Counts 31 & 32); concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (ii) (Counts 33-42); and tax evasion, in violation of 26 U.S.C. § 7201 (Counts 43-45). Kumar proceeded to trial, and the jury returned a split verdict, finding Kumar guilty of five counts of distributing oxycodone (Counts 3-5, 9, & 11), five counts of concealment money laundering (Counts 33-35 & 39-40), and three counts of tax evasion (Counts 43-45). The district court sentenced Kumar to 240 months' imprisonment.

Kumar proceeds pro se on appeal. Except as described below, we have limited our review to the issues raised in the informal opening brief. *See* 4th Cir. R. 34(b). We affirm Kumar's convictions on Counts 43, 44, and 45, vacate his remaining convictions, and remand for further proceedings.

Kumar first argues that his convictions should be vacated because he was not brought to trial within the 70 days required by the Speedy Trial Act. However, although

2

Kumar sought dismissal under the Fifth and Sixth Amendments in the district court, he did not move for dismissal under the Speedy Trial Act. "Failure of the defendant to move for dismissal prior to trial . . . shall constitute a waiver of the right to dismissal" under the Speedy Trial Act. 18 U.S.C. § 3162(a)(2); *see also United States v. Mosteller*, 741 F.3d 503, 507-08 (4th Cir. 2014). Accordingly, we reject this challenge.

Next, in his reply brief, Kumar relies on the Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022), to argue that the district court's jury instructions were erroneous. The Government argues that we should not reach this challenge because it was not raised in Kumar's informal opening brief and that, in any event, Kumar invited any error. We disagree. Although we seldom consider arguments raised for the first time in a reply brief, one exception is for an intervening change in the law between the filing of the initial brief and the reply brief. *United States v. Caldwell*, 7 F.4th 191, 212 n.16 (4th Cir. 2021). Because *Ruan* issued after Kumar filed his opening brief, he has properly raised this claim.

We generally "review a district court's rulings on jury instructions for abuse of discretion." *United States v. Ravenell*, 66 F.4th 472, 480 (4th Cir. 2023), *petition for cert. filed*, No. 23-368 (U.S. Dec. 13, 2023). A jury instruction is not erroneous if, "in light of the whole record, [it] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018) (internal quotation marks omitted). In reviewing a challenge to jury instructions, "we do not view a single instruction in isolation," but "consider whether taken as a whole and in the context of the entire charge,

3

the instructions accurately and fairly state the controlling law." *United States v. Blankenship*, 846 F.3d 663, 670-71 (4th Cir. 2017) (internal quotation marks omitted).

Under the invited error doctrine, "a court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." *United States v. Herrera*, 23 F.3d 74, 75 (4th Cir. 1994) (internal quotation marks omitted). We have applied the doctrine in the context of jury instructions. *Id.* at 76. While we have recognized "a potential exception to the invited error doctrine when it is necessary to preserve the integrity of the judicial process or to prevent a miscarriage of justice," this exception does not apply to circumstances in which a defendant asks a court to take a step in a case based on sound trial strategy. *United States v. Lespier*, 725 F.3d 437, 450 (4th Cir. 2013) (internal quotation marks omitted).

The Government is correct that Kumar requested some of the jury instructions that he now challenges on appeal. But we find the Eleventh Circuit's analysis in an analogous case persuasive, and we will nevertheless consider Kumar's challenge on the merits because his requested instructions "relied on settled law that changed while the case was on appeal." *United States v. Duldulao*, 87 F.4th 1239, 1255 (11th Cir. 2023) (internal quotation marks omitted).

Alternatively, the Government asks that we employ plain-error review. Our review of the record reflects that Kumar objected to some, but not all, of the jury instructions. However, even under the more stringent plain-error standard, we conclude that Kumar is entitled to relief.

4

To succeed on plain-error review, Kumar "has the burden to show that: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights." *United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018). If Kumar makes this showing, "we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (cleaned up). The Government concedes that some instructions were incorrect, and we agree with that concession. And in light of *Ruan* and our subsequent decision in *United States v. Smithers*, 92 F.4th 237 (4th Cir. 2024), the error is plain. *See United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) (recognizing error is plain when it is "clear or obvious at the time of appellate consideration" (cleaned up)).

To establish the error affected his substantial rights, Kumar has the "burden of showing that the error actually affected the outcome of the proceedings." *United States v. Nicolaou*, 180 F.3d 565, 570 (4th Cir. 1999) (internal quotation marks omitted). In other words, Kumar must "show that the proper instruction, on the same evidence, would have resulted in acquittal, or at the very least a hung jury." *Id.*

It is illegal to distribute or dispense a controlled substance "[e]xcept as authorized" by law. 21 U.S.C. § 841(a)(1). In *Ruan*, the Supreme Court held that § 841's "knowingly and intentionally" mens rea applies to the "[e]xcept as authorized" clause of the statute. 597 U.S. at 454, 468. Thus, when a defendant shows that he is authorized to issue prescriptions for controlled substances, "the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id.* This is a subjective, rather than objective, inquiry. *United States v. Kim*, 71 F.4th 155, 160,

5

164 (4th Cir. 2023). The Government cannot meet its burden by proving that the physician lacked "objective good faith" in issuing the prescriptions. *Ruan*, 597 U.S. at 465.

Here, the district court instructed the jury that the Government could satisfy its burden by establishing that Kumar lacked "objective good faith" in issuing the prescriptions, which is an incorrect statement of law after *Ruan*. *Id.* We recently vacated another physician's convictions on a similar jury instruction issue, and that physician's conduct bears many similarities to Kumar's conduct. *See Smithers*, 92 F.4th at 248-52. Although we applied the less stringent harmless error standard in *Smithers*, here, there is additional evidence to support the conclusion that a properly instructed jury may not have convicted Kumar: the jury issued a split verdict and Kumar presented evidence that the North Carolina Medical Board approved of the treatment of some of his patients.

We again find the Eleventh Circuit's decision in *Duldulao* persuasive. There, the jury returned a split verdict, convicting the defendant of some, but not all, of the charged § 841 counts. *Duldulao*, 87 F.4th at 1261. Although there was significant evidence tying the defendant to a broader prescription writing conspiracy, the Eleventh Circuit believed that the "split verdict demonstrates that the jury did not infer from [the defendant's] general knowledge of the conspiracy that he knew the prescriptions he wrote were always for no legitimate medical purpose or always outside the usual course of professional practice." *Id.* To the contrary, "[i]f the jury had drawn such an inference, it would have convicted on [all] counts." *Id.* The court also remarked that the "split verdict . . . suggests that the jury viewed each of the substantive counts as a close call." *Id.* While the defendant "repeatedly ignored red flags that [certain patients] were abusing their prescriptions," the jury found

6

the defendant "only sometimes crossed the criminal line drawn by § 841," and the erroneous instructions "allowed [the jury] to draw that line short." *Id.* Thus, the "instructional error undermine[d] [the Eleventh Circuit's] confidence in the outcome of the trial." *Id.* (internal quotation marks omitted).

Here, the Government introduced evidence that could have sustained a conspiracy conviction, but the jury acquitted Kumar of that charge. Then, on the substantive counts, the jury rejected some—but not all—of the Government's evidence and convicted Kumar only of the § 841(a)(1) offenses related to two of six patients. In addition, the jury wrote several notes to the district court seeking clarification on the legal standards and indicating it was deadlocked. This demonstrates that it viewed this case as remarkably close. We therefore conclude that "the proper instruction, on the same evidence, would have . . . at the very least [resulted in] a hung jury." *Nicolaou*, 180 F.3d at 570.

As for the fourth prong of plain-error review, we again agree with the Eleventh Circuit's analysis in *Duldulao*. The district court used language from our prior cases in crafting the instructions. We thus bear responsibility for the error. *See Duldulao*, 87 F.4th at 1262; *see also, e.g.*, *United States v. McIver*, 470 F.3d 550, 558-60 (4th Cir. 2006); *United States v. Hurwitz*, 459 F.3d 463, 468-69 (4th Cir. 2006). And the Supreme Court in *Ruan* "emphasized that scienter requirements are fundamental to our criminal law as the element that generally separates merely negligent conduct from conduct worthy of criminal punishment." *Duldulao*, 87 F.4th at 1262. Accordingly, we exercise our discretion to correct the plain error and vacate Kumar's § 841(a)(1) convictions.

7

Because the district court's instructions referenced § 841(a)(1) as a predicate unlawful activity, we also conclude that the instructional error casts doubt on Kumar's money laundering convictions under § 1956(a)(1)(B)(i), (ii). *See United States v. Kahn*, 58 F.4th 1308, 1322 (10th Cir. 2023) (vacating money laundering convictions when those convictions related to the § 841(a)(1) convictions the court vacated in light of *Ruan*). But we find no such prejudicial effect on Kumar's tax evasion convictions. The relevant instructions for those instructions did not reference § 841(a)(1), and Kumar admitted that he stopped paying his taxes.

Therefore, we affirm Kumar's convictions on Counts 43, 44, and 45, vacate his remaining convictions, and remand for further proceedings. In light of this disposition, we decline to consider Kumar's other challenges to the district court proceedings.[*] *See Smithers*, 92 F.4th at 240. We deny Kumar's pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*

---

[*] While Kumar raises claims of judicial bias and prosecutorial misconduct, our review of the record does not reveal any bias or misconduct.